UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIC ALSTON,

    Plaintiff,

v.

COUNTY OF SACRAMENTO, et al.,

    Defendants.

No. 2:18-cv-01041-TLN-CKD

<u>ORDER AND FINDINGS AND RECOMMENDATIONS</u>

Plaintiff, who proceeds *pro se*, filed his complaint and paid the filing fee on April 26, 2018.[1] (ECF No. 1.) The complaint brings claims against defendants pursuant to 42 U.S.C. § 1983, related to defendants' conduct while plaintiff was held as a pretrial detainee. (<u>See</u> generally ECF No. 1.)

Presently pending before the court are defendant Maria Candalla's amended motion to dismiss (ECF No. 11) and defendants County of Sacramento's and James Drennan's motion to dismiss (ECF No. 12), which came on regularly for hearing on June 20, 2018 at 10:00 a.m. Plaintiff opposed each motion, and defendants replied. (ECF Nos. 13–16.) Eric J. Alston was present at the hearing, representing himself. Kevin J. Heitz appeared on behalf of the County of Sacramento and James Drennan. Anil Pai appeared telephonically on behalf of Maria Candalla.

---

[1] This action proceeds before the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

Upon review of the documents in support and opposition, upon hearing the arguments of plaintiff and counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

I.   BACKGROUND

On November 21, 2017, plaintiff was arrested by the Sacramento County Sheriff's Department and transported to Kaiser South Sacramento where he was allegedly prescribed ibuprofen and given a wrist brace. (ECF No. 1 at 4, 11.) Attached to the complaint, plaintiff included a copy of his medical record from Kaiser for that day. (Id. at 11.) In pertinent part, the record states "YOU MAY TAKE TYLENOL AND IBUPROFEN AS NEEDED FOR PAIN . . ." (Id.)

Thereafter, at 7:15 p.m., plaintiff was admitted to Sacramento County Correctional Health Services; he was discharged from the facility on November 22, 2017 at 4:51 p.m. (Id. at 13.) According to the complaint, while plaintiff was held at Correctional Health Services, defendants Drennan and Candalla prescribed him Naproxen, and refused to provide him with ibuprofen, even though they knew that he was allergic to Naproxen.[2] (Id. at 4–5.)

Attached to the complaint, plaintiff included a copy of his medical record from Correctional Health Services. (Id. at 13.) Defendant Candalla, who served as plaintiff's treating nurse, reported that "[James Drennan] MD offered him naprosyn[3] and inmate declined in the AM when he was being seen. Offered again in the PM and inmate declined his naprosyn. . ." (Id.)

Plaintiff alleges that when he first saw defendant Drennan on November 22, 2017, he was in "excruciating pain." (Id. at 4.) Drennan allegedly offered plaintiff Naproxen for pain and plaintiff "immediately t[old] him I'm allergic and I take ibuprofen for pain, and it should be on their records that I can't take [N]aproxen." (Id.) Plaintiff allegedly also informed Drennan that "he was being deliberately indifferent because he is ignoring Kaiser[']s instruction for me to take ibuprofen . . . please just give me some ibuprofen I'm hurt." (Id.) Drennan allegedly refused to

---

[2] Naproxen is an over-the-counter nonsteroidal anti-inflammatory drug. See https://www.fda.gov/Drugs/DrugSafety/ucm110423.htm (last visited June 21, 2018).

[3] Naproxen is the active ingredient in Naprosyn. See https://www.accessdata.fda.gov/scripts/cder/daf/index.cfm?event=overview.process&applno=017581 (last visited June 21, 2018).

2

provide any ibuprofen.

Later that day, defendant Candalla allegedly "trie[d] to get [plaintiff] to take the Naproxen" and plaintiff also informed her that he was allergic to the drug. (Id.) After this interaction, plaintiff alleges that he sat in his wheelchair "in tons of pain" until he was able to "use the phone and bail out" approximately two hours later. (ECF No. 1 at 5, 13.)

Plaintiff asserts that defendants attempted to murder him by prescribing Naproxen under these circumstances. (Id. at 4.) However, according to the complaint, plaintiff never took any Naproxen and he was released from jail within ten hours of his first interaction with defendants Drennan and Candalla. (Id. at 5, 13.)

Plaintiff brings five causes of action related to these events: (1) deliberate indifference to plaintiff's serious medical needs, in violation of his Fourteenth Amendment rights, pursuant to 42 U.S.C. § 1983; (2) failure to adequately train and supervise and/or an unconstitutional policy; (3) medical malpractice; (4) intentional infliction of emotional distress; and (5) negligence. (Id. at 6–8.)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendants move to dismiss the complaint in its entirety, without leave to amend. (See ECF Nos. 11, 12.)

II.     LEGAL STANDARD

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the pleadings set forth in the complaint. Vega v. JPMorgan Chase Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009); see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain statement" of plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); see also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

3

In considering a motion to dismiss for failure to state a claim, the court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. Corrie v. Caterpillar, Inc., 503 F.3d 974, 977 (9th Cir. 2007). The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559 F.3d at 1071. The court must construe a *pro se* pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in her complaint and give plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect. See Lopez v. Smith, 203 F.3d 1122, 113031 (9th Cir. 2000) (en banc); accord Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (stating that "*pro se* pleadings are liberally construed, particularly where civil rights claims are involved"); see also Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (stating that courts continue to construe *pro se* filings liberally even when evaluating them under the standard announced in Iqbal).

In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted). Although the court may not consider a memorandum in opposition to a defendant's motion to dismiss to determine the propriety of a Rule 12(b)(6) motion, see Schneider v. Cal. Dep't of Corrections, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), it may consider allegations raised in opposition papers in deciding whether to grant leave to amend, see, e.g., Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

III.   DISCUSSION

    A.   Deliberate Indifference

Pursuant to 42 U.S.C. § 1983, plaintiff alleges in the first cause of action that defendants demonstrated deliberate indifference to plaintiff's serious medical needs by prescribing him a medication they knew he was allergic to, and withholding ibuprofen, in violation of his

4

Fourteenth Amendment rights. (ECF No. 1 at 6.)

"Although the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment's protection against cruel and unusual punishment, applies to pretrial detainees . . . [courts] apply the same standards in both cases." Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

The Eighth Amendment's prohibition of cruel and unusual punishment extends to medical care of prison inmates. Estelle v. Gamble, 429 U.S. 97, 104–05 (1976). In order to state a section 1983 claim for violation of the Eighth Amendment based on inadequate medical care, a prison inmate must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. at 106. The nature of a defendant's responses must be such that the defendant purposefully ignores or fails to respond to a prisoner's pain or possible medical need in order for "deliberate indifference" to be established. McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled in part on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997).

> "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.' " . . . A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain". . . . The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment.

McGuckin, 974 F.2d at 1059–60 (internal citations omitted).

However, not "every ache and pain or medically recognized condition involving some discomfort can support an Eighth Amendment claim" for deliberate indifference. Gutierrez v. Peters, 111 F.3d 1364, 1372 (7th Cir. 1997).

Indeed, courts have found that denying an inmate's or pretrial detainee's request for ibuprofen and other pain medication does not constitute deliberate indifference when there was no indication that the individual suffered any serious harm as result. See Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.1990) (no deliberate indifference when inmate did not receive any pain

medication for a broken shoulder for several days because the "condition did not require emergency attention" and the delay did not "substantially harm" his treatment); Sarah v. Thompson, 109 F. App'x 770, 771 (6th Cir. 2004) (no deliberate indifference when inmate "failed to allege that the denial of his requests for ibuprofen affected his daily activities or resulted in chronic and substantial pain"); Thompson v. Worch, 6 F. App'x 614, 616 (9th Cir. 2001) (no deliberate indifference when pretrial detainee did not receive any pain medication for less than one day, while being transported from one state to another).

Here, defendants persuasively argue that the complaint fails to plead sufficient facts to support a claim of deliberate indifference against any defendant. (See ECF Nos. 11-1 at 5–8; 12-1 at 5–8.) Construing the facts in the light most favorable to plaintiff, his complaint fails to state a claim.

Even assuming defendants willfully ignored plaintiff's allergy to Naproxen and his requests for ibuprofen, plaintiff did not suffer any serious harm as a result. First, plaintiff did not take any Naproxen. Second, while plaintiff was reportedly in "tons of pain" and denied ibuprofen, he was released from jail within ten hours of his first interaction with defendants Drennan and Candalla. (Id. at 5, 13.) Once released, plaintiff would have been able to obtain the over-the-counter drug he was requesting. There are no allegations that this ten-hour delay in obtaining ibuprofen affected plaintiff's daily activities or resulted in chronic and substantial pain. The extent of plaintiff's injury—less than one day without an over-the-counter pain killer— simply does not constitute cruel and unusual punishment. Thus, because plaintiff did not suffer any serious harm as a result of defendants' alleged actions, plaintiff cannot state a claim for deliberate indifference. See McGuckin, 974 F.2d at 1059–60; Sarah, 109 F. App'x at 771.

B.     Monell Claim

In the second cause of action, plaintiff alleges that the County of Sacramento is liable for failing to train and supervise defendants Candalla and Drennan and/or for having an unconstitutional policy of failing to adequately train and supervise its employees. (ECF No. 1 at 6–7.) Since there is no respondeat superior liability under § 1983, counties and municipalities may be sued under § 1983 only upon a showing that an official policy or custom caused the

constitutional tort. Monell v. New York City Dep't of Social Services, 436 U.S. 658, 691-94 (1978). Here, defendant cannot state a Monell claim because he has failed to state a claim of any constitutional tort.

### C. State Law Claims

In the third, fourth, and fifth causes of action, plaintiff brings state law claims against defendants—medical malpractice, intentional infliction of emotional distress, and negligence. (ECF No. 1 at 7–8.) The court has supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. § 1367. However, when all federal claims have been dismissed before trial, the interests promoted by supplemental jurisdiction are no longer present, and a court should decline to exercise jurisdiction over state law claims. Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 n. 7 (1988). Therefore, and in light of the above, the court recommends that plaintiff's state law claims be dismissed without prejudice to filing in state court.

### D. Leave to Amend

Federal Rule of Civil Procedure 15(a) provides that a court should generally freely give leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Five factors are frequently used to assess whether leave to amend should be granted: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether plaintiff has previously amended his complaint. Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004); Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990). Here, leave to amend would be futile because plaintiff cannot state a claim by alleging additional consistent facts. As explained, plaintiff cannot state a claim against defendants for deliberate indifference because, even taking plaintiff's allegations as true, defendants' actions did not cause plaintiff any serious harm.

## IV. CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that

1. Defendants' motions to dismiss (ECF Nos. 11, 12) be GRANTED.
2. Plaintiff's claims under 42 U.S.C. § 1983 be DISMISSED WITH PREJUDICE.
3. Plaintiff's remaining state law claims be DISMISSED WITHOUT PREJUDICE.

|   |   |
|---|---|
| 1 | 4. The Clerk of Court be ordered to close this case. |
| 2 | In light of these recommendations, IT IS ALSO HEREBY ORDERED that all pleading, |
| 3 | discovery, and motion practice in this action are STAYED pending resolution of the findings and |
| 4 | recommendations. With the exception of objections to the findings and recommendations and any |
| 5 | non-frivolous motions for emergency relief, the court will not entertain or respond to any motions |
| 6 | and other filings until the findings and recommendations are resolved. |

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: June 21, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

14/18.1041.Alston v. County of Sacramento.f&R MTD